```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

RONALD MELK, individually and      :    CIVIL ACTION
as executor of the estate of       :
MARTHA MELK                        :
                                   :
     v.                            :    NO. 16-5570
                                   :
PULTE HOME CORPORATION OF THE      :
DELAWARE VALLEY, et al.            :
                                   :

<u>MEMORANDUM</u>

Bartle, J.                                    August 23, 2017

Before the court is the motion of plaintiff Ronald Melk individually and as executor of the estate of Martha Melk to remand this action to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447 on the ground that the court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

This action was originally filed by plaintiff in the Court of Common Pleas of Philadelphia County against defendant home construction company Pulte Home Corporation of the Delaware Valley. Plaintiff, a citizen of Pennsylvania, seeks damages for personal injuries that he and his late wife sustained from mold exposure resulting from water infiltration in the residence that they had purchased from Pulte. Pulte, a citizen of Michigan and of Georgia, timely removed the action to this court on October 25, 2016 based on diversity of citizenship and an amount

in controversy in excess of $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

After obtaining leave of court Pulte filed a third-party complaint on December 14, 2016, which it amended later that same day, against five third-party defendants with whom Pulte purportedly contracted to perform construction work on the Melk residence.

During a telephone conference on May 16, 2017 between the court and counsel, plaintiff's counsel stated that he sought to file an amended complaint.  The court permitted him to do so, and thereafter on May 23, 2017 plaintiff filed an amended complaint naming as defendants Nassau Construction Company, Patrick McDermott Plastering, LLC, Archer Exteriors, Inc., Guzzo Masonry, Inc., and All American Landscapes, LLC, in addition to Pulte.[1]

On July 7, 2017 plaintiff filed the instant motion to remand on the ground that the court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).  Plaintiff, a citizen of Pennsylvania, maintains that defendant Patrick McDermott Plastering, LLC is also a citizen of Pennsylvania.  If plaintiff is correct in this regard, subject matter jurisdiction is absent

---

1.  On June 5, 2017 defendant Patrick McDermott Plastering, LLC filed a third-party complaint against Paul McNenemy, Jose Ojeda, and David Gahn, individuals with whom McDermott Plastering purportedly contracted to install stucco in the Melk home.

-2-

since the citizenship of plaintiff must be different from the citizenship of all defendants. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

At the time of the filing of the motion to remand, the citizenship of Patrick McDermott Plastering, LLC was unclear.[2] Following a telephone conference with counsel, the court entered an order on August 15, 2017 instructing Patrick McDermott Plastering, LLC to file an affidavit stating the following: (1) whether it is a corporation or limited liability company; (2) if it is a corporation the affidavit shall identify its state of incorporation and principal place of business; and (3) if it is a limited liability company the affidavit shall set forth the names and citizenship of its members. The citizenship of a corporation is determined by its state of incorporation and by its principal place of business, while the citizenship of a limited liability company is determined by the citizenship of its members. 28 U.S.C. § 1332(c); Zambelli Fireworks Mfg. Co.

---

2. The amended complaint names Patrick McDermott Plastering, LLC but the amended complaint refers to it as a corporation. The amended complaint alleges that "Defendant, Patrick McDermott Plastering, L.L.C., ('McDermott') is a Pennsylvania Corporation with a principal place of business located at 2058 Glenwood Avenue, Glenside, Pennsylvania 19038, which contracted with Pulte to Perform [sic] the stucco lathe and window and door flashing on the Melk residence." Patrick McDermott Plastering, LLC stated in its answer: "It is admitted that Defendant, Patrick McDermott Plastering, LLC, is a Pennsylvania Corporation. Its principal place of business is located at 2160 Pleasant Avenue, Glenside, PA[.]"

-3-

v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).  On August 18, 2017 Patrick McDermott Plastering, LLC filed an affidavit stating that it is a limited liability company with one member who is a citizen of Pennsylvania.

Diversity of citizenship between the original parties is determined as of the time of the filing of the original complaint.  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 575-76 (1920).  However, if new defendants are added in an amended complaint, diversity of citizenship between the plaintiff and the new parties against whom no claims were made in the original complaint is determined at the time of the filing of the amended complaint.  15 James Wm. Moore, et al., Moore's Federal Practice § 102.16(2)(b)(iii) (3d ed. 2017).  Thus in order to determine whether diversity of citizenship exists between the plaintiff and the new defendants added by the amended complaint, we consider the citizenship of the plaintiff and the citizenship of the new defendants the time of the filing of the amended complaint.  Id.; see also Lewis v. Lewis, 358 F.2d 495, 502 (9th Cir. 1966).

At the time of the filing of the amended complaint, both plaintiff and defendant Patrick McDermott Plastering, LLC were citizens of Pennsylvania.  Accordingly, subject matter jurisdiction does not exist, and the action will be remanded to the Court of Common Pleas of Philadelphia County.